**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN HOLT, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORT, LTD; and DOES 1 TO 25,<br><br>Defendants. | Case No.: 17cv2246-MMA (BLM)<br><br>**ORDER:**<br><br>**DENYING PLAINTIFF'S MOTION TO REMAND; AND**<br><br>[Doc. No. 8]<br><br>**DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

On November 3, 2017, Defendant Noble House Hotels & Resort, LTD ("Noble House") removed this action to this Court from the Superior Court of California, County of San Diego. Doc. No. 1. Noble House filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 6-1 ("MTD"). Plaintiff opposes dismissal [Doc. No. 9 ("MTD Oppo.")] and Noble House replied [Doc. No. 11 ("MTD Reply")]. Additionally, Plaintiff moves to remand this case to state court [Doc. No. 8-1 ("Remand")], which Noble House opposes [Doc. No. 10 ("Remand Oppo.")]. The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 13. For the following reasons,

the Court **DENIES** both Plaintiff's motion to remand [Doc. No. 8] and Defendant's motion to dismiss [Doc. No. 6].

## BACKGROUND[1]

On September 20, 2017, Plaintiff Kathleen Holt ("Plaintiff"), individually and on behalf of all others similarly situated, filed this putative class action against Noble House and Doe Defendants 1 to 25 alleging causes of action for violations of California's False Advertising Law ("FAL"), California Business and Professions Code sections 17500, *et seq.*; California's Unfair Competition law ("UCL"), California Business and Professions Code sections 17200, *et seq.*; and California's Consumers Legal Remedy Act ("CLRA") California Business and Professions Code sections 1750, *et seq.*. Doc. No. 1-3 ("Compl."). Plaintiff seeks to represent a class defined as "[a]ll consumers who ate or drank at a restaurant in California, owned by Noble House Hotels & Resort, LTD. d/b/a/ Noble House Hotels & Resort, LTD. LP, who were charged a surcharge on their bill in addition to the costs of the food and drinks since four years prior to the filing of this Complaint." Compl., ¶ 87.

Plaintiff's claims arise out of a 3.5% surcharge of $1.38, which was added to the balance of her bill on August 6, 2017, at Acqua California Bistro ("Bistro")[2] in San Diego, California which is owned by Noble House. Compl., ¶¶ 17-23. Plaintiff alleges that Noble House is misleading the public by advertising prices for food and drinks in its menus and then adding the surcharge to the balance of the bill total at checkout after the consumer is finished eating and drinking "when it is too late to make an informed decision about the increased total bill." Compl., ¶¶ 17, 26. Plaintiff alleges Noble House "purposely added this 'surcharge' instead of raising the prices on its menu in order to mislead [and deceive] consumers into thinking that their meal would cost less than it

---

[1] Because this matter is partially before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).
[2] Plaintiff alleges that the Bistro is located inside the Hilton San Diego Resort and Spa. Compl., ¶ 21.

actually does." Compl., ¶¶ 25, 31. According to Plaintiff, the surcharge is added after consumers finished eating and drinking because they "are less likely to notice or object." Compl., ¶ 33.

## MOTION TO REMAND

Noble House removed this action to this Court on November 3, 2017. Doc. No. 1. In removing the action, Noble House invoked diversity jurisdiction pursuant to Title 28 of the United States Code, sections 1332(a), 1441, and 1446.[3] *Id.* at 1. Plaintiff filed the instant motion to remand on December 4, 2017. Remand at 2.

### 1. *Legal Standard*

Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). The Class Action Fairness Act ("CAFA") also gives district courts original jurisdiction to hear class actions

---

[3] Noble House does not specify which subsection of § 1332 removal is based upon, but indicates diversity jurisdiction exists because "the amount in controversy exceeds $75,000." Doc. No. 1 at 2. Accordingly, the Court construes Defendant's removal to be based upon § 1332(a). *See* 28 U.S.C. § 1332(a) (stating that the amount in controversy for diversity jurisdiction is met "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Evans v. Bantek West, Inc.*, No. CIV. 08-2966 WBS GGH, 2009 WL 700426, at *1 n.2 (E.D. Cal. Mar. 12, 2009) (construing the defendant's removal to be premised on § 1332(a) and not § 1332(d) because the defendant asserted that the amount in controversy exceeds $75,000). The Court further finds Defendant's citation to *Rainero v. Archon Corp.*, 844 F.3d 832 (9th Cir. 2016), which permits a court to exercise supplemental jurisdiction over other plaintiff class members where individual diversity jurisdiction is met with respect to one named plaintiff, inapposite as Defendant need only establish traditional diversity jurisdiction.

3

"in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). However, "federal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a)." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007) (citing *e.g., Snyder v. Harris*, 394 U.S. 332, 340 (1969)). That is, "a class action [can] be heard in federal court under diversity jurisdiction only if there [is] complete diversity, i.e., all class representatives [are] diverse from all defendants," and if all named plaintiffs satisfy the amount in controversy requirement of more than $75,000. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-51 (2005)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 938 (9th Cir. 2001).

2. **Analysis**

As an initial matter, CAFA does not supplant traditional diversity jurisdiction; it supplements it. *See Serrano*, 478 F.3d at 1021 n.4. Accordingly, the Court need not analyze whether removal is appropriate under CAFA because Noble House removed the case pursuant to § 1332(a). *See* Remand at 4-7 (arguing the case should be remanded because Noble House has not met its burden to prove subject matter jurisdiction pursuant to CAFA).

Plaintiff argues that Defendant has failed to establish both complete diversity and the amount in controversy under the traditional diversity requirements. Remand at 4-7. With respect to complete diversity, the requirement "in class actions is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson*, 261 F.3d at 931 n.2. The citizenship of unnamed class members and unidentified Doe defendants are disregarded. *Id.* (citing *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 366-67 (1921)); 28 U.S.C. § 1441(b)(1) (stating that for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded"); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990); *see also*

*Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *3 (E.D. Cal. Sept. 26, 2017) (stating doe defendants are disregarded because the plaintiff included no information as to "who they are, where they live or their relationship to the action"). "A corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Here, Plaintiff declares that she is a citizen of California and the Noble House Vice President of Food and Beverage declares that Noble House "is a Texas corporation with its principal place of business in Washington State." Doc. No. 1-17, Declaration of Kathleen Holt in Support of Venue for Class Action Pursuant to Civil Code Section 1780(d) ("Holt Decl."), ¶ 2; Doc. No. 1 at 3; Doc. No. 1-4, Declaration of Thomas Haas In Support of Notice of Removal to Federal Court ("Haas Decl.") at ¶ 2; Haas Decl, Exhibits A-B. Accordingly, complete diversity exists.

Plaintiff next argues that Plaintiff's damages do not "equal[] or exceed[]" $75,000 because her compensatory damages are $1.38. Remand at 5. Defendant counters that Plaintiff's prayer for disgorgement of all surcharge funds and injunctive relief exceeds the jurisdictional minimum. Remand Oppo. at 4; s*ee* Doc. No. 1 at 3. In the Complaint, Plaintiff prays for injunctive relief "requiring Noble House to cease adding a 'surcharge' to consumers' bills," and "a constructive trust and and/or [sic] disgorgement of Noble House's ill-gotten gains and to pay restitution." *See* Compl. at p. 19.

Removal jurisdiction exists under § 1332(a) only where "the matter in controversy *exceeds* the sum or value of $75,000." 28 U.S.C. § 1332(a) (emphasis added). In a putative class action each named plaintiff must have "claims with an amount in controversy in excess of $75,000." *See Gibson*, 261 F.3d at 938. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), *superseded by statute on other grounds as stated in United Food & Commer.*

*Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996)). In such cases, federal courts employ the "either viewpoint" rule, which permits the "object of the litigation" to be valued either from the plaintiff's viewpoint or the defendant's viewpoint. *See In re Ford Motor Co./Citibank (S.D.) N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[u]nder the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce").

Noble House asserts that its "aggregate food and beverage revenue at [the relevant] restaurants . . . annually exceeds $5,000,000" and that enjoining the 3.5% surcharge would thereby "prevent Noble House from collecting more than $100,000 per year." Doc. No. 1 at 3; Haas Decl., ¶¶ 6-8. In addition, Noble House claims the funds attributable to the surcharge since its inception in early 2017 amount to more than $75,000. Doc. No. 1 at 4; Haas Decl., ¶ 8. Thus, the Court is satisfied that the amount in controversy requirement has been met because the pecuniary result to Noble House is valued at roughly $100,000 per year based upon Plaintiff's requested injunctive relief, and more than $75,000 for Plaintiff's requested constructive trust or disgorgement of Noble House's gains from the surcharge.

3. <u>**Conclusion**</u>

Accordingly, the Court **DENIES** Plaintiff's motion to remand.[4]

## MOTION TO DISMISS

Noble House moves to dismiss Plaintiff's Complaint without leave to amend on the grounds that Plaintiff's FAL, CLRA, and UCL claims each fail to state a claim upon which relief can be granted. MTD at 8. Plaintiff opposes dismissal of any claims. *See* MTD Oppo.

---

[4] In addition to remand, Plaintiff asks this Court to award "payment of just costs and attorney fees by Defendant, for time spent on this motion." Remand at 8. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Since the Court has denied the motion to remand the case, it also **DENIES** Plaintiff's request for attorney fees and costs.

6

1. ***Request for Judicial Notice***

Noble House requests the Court consider a copy of the menu used at the restaurant where the surcharge was imposed upon Plaintiff, and a bill issued by that restaurant in August 2017. MTD at 7 n.1. Plaintiff objects, contending that considering the exhibits would require the Court to make findings of fact, which are inappropriate at this stage of the proceedings. MTD Oppo. at 8.

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908; *see also* Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 936, 942 (9th Cir. 2009). Courts can take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or can be readily determined by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). In other words, a court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Both the menu's and bill's accuracy can be reasonably questioned. Noble House has not submitted a declaration certifying their authenticity and the allegations in the Complaint contradict the content of these exhibits. *See* Compl., ¶¶ 19, 23; s*ee also* MTD.

Accordingly, Noble House's exhibits are inappropriate for both incorporation by reference and judicial notice. Therefore, Noble House's request is **DENIED**.

### 2. *Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and alterations omitted). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In alleging fraud or mistake, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Failure to satisfy this heightened pleading requirement can result in dismissal of the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In general, the plaintiff's allegations of fraud or mistake must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106. This heightened pleading standard requires the

plaintiff to allege fraud or mistake by detailing "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106-07. In other words, the plaintiff must specify the time, place, and content of the alleged fraudulent or mistaken misconduct. *See id.*

3. *Analysis*

Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted because mandatory surcharges do not violate the UCL, FAL, or CLRA, Plaintiff insufficiently pleads that the surcharge is misleading, and the UCL claim fails because the surcharge is protected by a legislative safe harbor. MTD at 11-17. Each of these arguments is dependent upon the Court considering the menu and bill attached to Noble House's motion to dismiss. *See id.*

a. **Mandatory Surcharges**

Noble House first argues that mandatory surcharges do not violate the UCL, FAL, or CLRA. MTD at 11-13. Specifically, Noble House contends that "California Courts have unanimously held that mandatory surcharges do not violate the UCL or FAL *if disclosed*" and the menu and bill evince the surcharge was disclosed. *Id.* at 11-12 (emphasis added). Noble House further asserts that the surcharge does not violate the CLRA because it "is not an addition to the price of the 'product' (*i.e.*, the food or beverage), as the statute prohibits; rather it is a separate charge for service." *Id.* at 11.

Noble House's argument fails because "at this stage, a court does not make factual findings." *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009). With respect to the UCL and FAL claims, Plaintiff alleges that the surcharge "is not reflected in the prices listed in the restaurant's menus" and that the surcharge is "surreptitiously add[ed] . . . to the balance of the bill total at check out [sic] time," which she contends was "hidden." Compl., ¶¶ 17, 19, 23. Plaintiff does not allege that Noble House disclosed the surcharge. *See* Compl. With respect to Plaintiff's CLRA claim, Plaintiff alleges that the surcharge is added "instead of raising the prices on its menu" and that it is "not a gratuity for the server or bartender, but is, instead a charge that goes directly to Noble House." Compl., ¶¶ 25, 27. Thus, construing Plaintiff's factual allegations in the

light most favorable to her, the surcharge was not disclosed and is not a separate charge for service. *See* Compl.; ¶¶ 17-27; *see Cahill*, 80 F.3d at 337-38.

Noble House's argument would require the Court to make factual findings and/or construe them in favor of the moving party, which it cannot do in determining the propriety of a Rule 12(b)(6) motion to dismiss. *See* MTD at 11-13 (urging the Court to find that the surcharge was disclosed and is an additional charge for service); *see also Cahill*, 80 F.3d at 337-38; *Browne*, 612 F. Supp. 2d at 1130. Accordingly, the Court **DENIES** Noble House's motion to dismiss on the grounds that the surcharge does not violate the UCL, FAL, and CLRA based on factual allegations not presently before the Court. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss).

### b. Misleading Surcharge

Noble House also asserts that Plaintiff has not adequately or plausibly pleaded that the surcharge is misleading because the bill and menu prove the surcharge was disclosed, Again, the Court does not make factual findings in determining the propriety of a Rule 12(b)(6) motion to dismiss. *See Browne*, 612 F. Supp. 2d at 1130. Plaintiff alleges the surcharge is added to the balance of the bill at checkout, is "hidden" and "hard to find" and is "not reflected in the prices listed in the restaurants' menus." Compl., ¶¶ 17-23. Moreover, Plaintiff alleges that "the surcharge was added in such a way that a consumer could easily miss it" and "deceive[s customers] into thinking their meal will cost less." Compl., ¶¶ 24, 31. Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.[5] *See* MTD Oppo. at 13 (stating that a reasonable consumer would be misled

---

[5] The cases cited by Noble House are distinguishable because the operative complaint stated that the allegedly misleading information was disclosed. *See Dimond v. Darden Restaraounts, Inc.*, No. 13 Civ. 5244 (KPF), 2014 WL 3377105, at *1 (S.D.N.Y. July 9, 2014) (stating that the first amended complaint alleged the menus state that an 18% gratuity is automatically added and calculated to the bill); *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, (Cal. Ct. App. 2002) (indicating that the complaint alleged the plaintiff's room service menu stated that a 17% service charge would be added to the bill); *Italian Colors Rest. v. Harris*, 99 F. Supp. 3d 1199, 1202 (E.D. Cal. Mar. 26, 2015) (stating that plaintiffs allege

where "notice is not given of [sic] the real prices of the menu items, and in fact, incorrect prices are listed in the menus"). Accordingly, the Court **DENIES** dismissal based on Noble House's argument that disclosure of the surcharge on the menu and bill prove that the surcharge is not misleading. *See Browne*, 612 F. Supp. 2d at 1130 ("At this stage, a court does not make factual findings, nor deem material facts undisputed or admitted.").

### c. Safe Harbor

Noble House also argues that Plaintiff's UCL claim fails because the surcharge is protected by a legislative safe harbor. MTD at 15. Noble House contends that California's State Board of Equalization ("BOE") enacted a regulation "providing that when a restaurant's '*menu*, brochures, advertisements or other printed materials contain statements that notify customers that . . . service charges *will* or may be added' that 'amount automatically added by the [restaurant] to the bill' is subject to tax." *Id.* at 16 (citing 18 CCR § 1603(h)(3)) (emphasis in original).

"The California Supreme Court has explained . . . that conduct affirmatively authorized by another statute may provide a defendant with a safe harbor from UCL liability: 'Although the unfair competition law's scope is sweeping, it is not unlimited . . . . When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault the harbor.'" *Hauk v JP Morgan Chase Bank United States*, 552 F.3d 1114, 1122 (9th Cir. 2009) (citing *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (Cal. 1999)). However, the safe harbor rule does not "prohibit an action under the unfair competition law merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged

---

that California Civil Code section 1748.1(a), which prohibits retailers from imposing a surcharge on customers who make payments with credit cards, but permits discounts for payments by cash or other means), *affirmed on appeal as applied to plaintiffs only by Italian Colors Rest. v. Becerra*, -- F.3d – , No. 15-15873, 2018 WL 266332 (9th Cir. 2018); *Freeman v. Time, Inc.*, 68 F.3d 285, 287 (9th Cir. 1995) (indicating that plaintiff alleged receiving mailers indicating he had won a $1,666,675 which also had qualifying language "indicating that Freeman would win only if he returned a winning prize number").

conduct. To forestall an action under the unfair competition law, another provision must actually 'bar' the action or clearly permit the conduct." *Cal-Tech Commc'ns, Inc.*, 20 Cal. 4th at 183.

As stated throughout this order, the Court does not make factual findings in determining the propriety of a Rule 12(b)(6) motion to dismiss. Plaintiff has not alleged that the surcharge is disclosed in the menu, and the Court declines to make a factual finding based on factual allegations not included in Plaintiff's Complaint. *See Browne*, 612 F. Supp. 2d at 1130. Accordingly, the Court **DENIES** Noble House's motion to dismiss Plaintiff's UCL claim on the grounds that disclosed surcharges are protected by the safe harbor rule.

### 4. *Conclusion*

Because Noble House depends upon the Court considering material outside the pleadings, whose accuracy can be reasonably questioned, the Court **DENIES** Noble House's motion to dismiss. *See Branch*, 14 F.3d at 453.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to remand and request for fees and costs [Doc. No. 8] and **DENIES** Defendant Noble House's motion to dismiss [Doc. No. 6].

**IT IS SO ORDERED**.

Dated: January 23, 2018

Hon. Michael M. Anello
United States District Judge