UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HOLT, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORT, LTD; and DOES 1 TO 25,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17cv2246-MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM** |
| NOBLE HOUSE HOTELS & RESORT, LTD,<br><br>　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>KATHLEEN HOLT, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　Counter Defendant. | [Doc. No. 20] |

Plaintiff and Counter Defendant Kathleen Holt ("Plaintiff"), individually and on behalf of all others similarly situated, filed a putative class action Complaint against Defendant and Counter Claimant Noble House Hotels & Resort, LTD ("Noble House") and Doe Defendants 1 to 25 alleging causes of action for violations of California's False

1

Advertising Law ("FAL"), California Business and Professions Code sections 17500, *et seq.*; California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*; and California's Consumers Legal Remedy Act ("CLRA"), California Business and Professions Code sections 1750, *et seq.* Doc. No. 1-3 ("Compl."). Noble House filed an Answer largely denying the allegations of the Complaint, asserting twenty-one affirmative defenses, and asserting a counterclaim for attorneys' fees pursuant to California Civil Code § 1780(e). Doc. No. 15 ("Answer"). Plaintiff moves to dismiss and strike Noble House's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). Doc. No. 20-1 ("MTD"). Noble House opposes dismissal [Doc. No. 23 ("Oppo.")] and Plaintiff replies [Doc. No. 24 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 25. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

The claims in Plaintiff's Complaint arise out of a 3.5% surcharge of $1.38, which was added to the balance of her bill on August 6, 2017, at Acqua California Bistro in San Diego, California, which is owned by Noble House. Compl., ¶¶ 17-23. Plaintiff alleges that Noble House is misleading the public by advertising prices for food and drinks in its menus and then adding the surcharge to the balance of the bill total at checkout "when it is too late to make an informed decision about the increased total bill." Compl., ¶¶ 17, 26. Plaintiff alleges Noble House "purposely added this 'surcharge' instead of raising the prices on its menu in order to mislead [and deceive] consumers into thinking that their meal would cost less than it actually does." Compl., ¶¶ 25, 31. Accordingly, Plaintiff asserts causes of action for violations of the FAL, UCL, and CLRA. *See generally*, Compl.

On February 6, 2018, Noble House filed its Answer to Plaintiff's Complaint. Doc. No. 15. In its Answer, Noble House substantially denied the allegations of the

Complaint, raised twenty-one affirmative defenses, and asserted a counterclaim for attorneys' fees pursuant to California Civil Code § 1780(e). *Id.*

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and alterations omitted). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## DISCUSSION

Noble House has asserted a "counterclaim" for attorneys' fees pursuant to California Civil Code § 1780(e). Answer at 13. Plaintiff moves to dismiss and strike the counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). MTD at 12-21. The Court addresses only Plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) in finding that Noble House has not stated a "claim."

Federal Rule of Civil Procedure 54(d)(2)(A) requires demands for attorneys' fees to be made by motion, unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). Here, California Civil Code § 1780(e) provides that "[t]he court shall award costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." Cal. Civ. Code § 1780(e). Based upon this language, § 1780(e) does not require attorneys' fees to be proved at trial as an element of damages. *See id.* As a result, a demand for attorneys' fees pursuant to § 1780(e) must be made by motion and it is improper to assert a "claim" for attorneys' fees. *See* Fed. R. Civ. P. 54(d)(2)(A). As such, the Court **GRANTS** Plaintiff's motion and **DISMISSES WITH PREJUDICE** and without leave to amend Noble House's counterclaim for attorneys' fees. The Court notes that, when and if appropriate, Noble House may file a motion for attorneys' fees pursuant to Rule 54(d)(2) and that the Court will have jurisdiction to address such a motion. *See* Fed. R. Civ. P. 54(d)(2)(A).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion and **DISMISSES WITH PREJUDICE** Noble House's counterclaim for attorneys' fees. Doc. No. 20. The Clerk of Court is instructed to terminate the action as to Counter Claimant Noble House Hotels & Resort, LTD and Counter Defendant Kathleen Holt.

**IT IS SO ORDERED**.

Dated: March 28, 2018

Hon. Michael M. Anello
United States District Judge