**HYDE & SWIGART, APC**
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:   (619) 297-1022

[Other Attorneys of Record Listed on Signature Page]

*Attorneys for Plaintiff*
Kathleen Holt

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHLEEN HOLT,** individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**NOBLE HOUSE HOTELS & RESORT, LTD. d/b/a NOBLE HOUSE HOTELS & RESORT, LTD. LP; and DOES 1 to 25, inclusive,**<br><br>                    Defendants. | Case No: 17-cv-2246-MMA(BLM)<br><br>**Class Action**<br><br>**First Amended Class Action Complaint for Damages, Restitution and Injunctive Relief for Violations of:**<br><br>1) California Bus. & Prof. §§ 17500, *et seq*.<br>2) California Bus. & Prof. §§ 17200, *et seq*.<br>3) California Civil Code §§ 1750, *et seq*.<br><br>**Jury Trial Demanded** |

## Introduction

1. Kathleen Holt ("Plaintiff") brings this statewide Class Action to enjoin the deceptive business practices of Noble House Hotels & Resort, LTD. d/b/a Noble House Hotels & Resort, LTD. LP ("Defendant") with regard to Defendant's deceptive and misleading billing practices at its restaurants.

2. The deceptive and misleading billing practices of Defendant cause consumers to suffer monetary damages.

3. Defendant's deceptive and misleading billing practices also cause Defendant's competitors to suffer a competitive disadvantage because these misleading practices force Defendant's competition to choose between engaging in the same deceptive business practices as Defendant or suffering a financial and competitive disadvantage by not engaging in this same deceptive behavior.

4. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to a plaintiff with direct knowledge, which Plaintiff alleges on personal knowledge.

6. Unless otherwise stated, the conduct engaged in by Defendant took place in California.

7. Noble House Hotels & Resort, LTD. d/b/a Noble House Hotels & Resort, LTD. LP is a corporation registered in Texas and Washington that owns, operates, or manages at least one restaurant in San Diego County.

8. Defendant represents certain prices for food and drinks to the general public in its restaurants and on its advertised menus, but then, after the food and/or drink is consumed, Defendant adds what it calls a "surcharge", a non-earned percentage added to the consumers' final bills, which is actually a false, deceptive, and misleading charge, to the balance of the final bill total which consumers thereafter pay, either knowingly or unknowingly.

9. By not raising the menu prices, and instead unilaterally adding a 3.5 percent surcharge onto a customer's final bill, Defendant is misleading the public as to the actual prices of its food and drinks.

## Jurisdiction and Venue

10. This Court has jurisdiction over this matter pursuant to the Court's order.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego, State of California by owning, operating, and managing San Diego restaurants.

12. Defendant otherwise purposely avails itself of the markets in this State, and San Diego county, through the promotion and marketing of its restaurant in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in the County of San Diego for the following reasons:
    - Plaintiff resides in the County of San Diego;
    - The conduct complained of herein occurred within the Court's judicial district;
    - Defendant, at all times relevant, conducts substantial business in the County of San Diego; and
    - Defendant is subject to personal jurisdiction in this district.

## Parties

14. Plaintiff is a natural person who resides in the County of San Diego, State of California, who unknowingly had a deceptive surcharge added to Plaintiff's bill after eating at one of Defendant's restaurants.

15. Noble House Hotels & Resort, LTD. d/b/a Noble House Hotels & Resort, LTD. LP is a corporation, organized and existing under the laws of the State of Washington, that owns, operates, or manages at least one restaurant located in San Diego County, and does business within the State of California and within this district.

**Factual Allegations**

16. Defendant misleads the general public by advertising certain prices for food and drinks on its menus, which gives consumers the impression that this price is the actual price consumers will be charged; but Defendant then surreptitiously adds a surcharge to the balance of the bill total at checkout.

17. At no point prior to providing the consumer with a final bill does Defendant advise consumers of the actual prices of the food and drinks, which are actually higher due to the added surcharge.

18. After any food or beverage is consumed, this surcharge is added to the check, as a fixed percentage of the final bill.

19. This surcharge is not adequately disclosed before the consumer orders from the menu and is not reflected in the individual prices listed for Defendant's food and beverage items on its menus.

20. The surcharge represents "costs" that Defendant collects solely for its own gain, therefore, the surcharge constitutes unearned profit, and is not a "tip" given to its staff, waiters, bartenders, or other "tipped" or "non-tipped" employees.

21. It is hard for customers to find this surcharge on the final check as this surcharge blends in with the other numbers that one would expect on a restaurant check.

22. The reason for the surcharge is vague and ambiguous. Moreover, customers who do notice the surcharge are likely to be confused because the surcharge listed on the customer's bill resembles other charges for taxes and the food and/or drinks that the customer ordered.

23. The surcharge is a way for Defendant to manage its costs and improve its profit.

24. Due to increased wages, Defendant felt that it was necessary to increase its prices for food and drinks by approximately 3.5%.

25. However, Defendant fails to disclose the actual food and drink prices, and instead, adds the surcharge to the final bill, in order to mislead and deceive consumers into believing that Defendant's prices are lower.

26. On August 6, 2017, Plaintiff ate at Acqua California Bistro located inside the Hilton San Diego Resort and Spa located at 1775 East Mission Bay Drive, San Diego, California. The Hilton and the restaurant inside are owned by Defendant. After eating, Plaintiff was billed a "surcharge" of $1.38, which was listed as if it were an item ordered off the menu.

27. Defendant added the surcharge in such a way that reasonable consumers could easily miss it on their bills.

28. Defendant's menus lack any summation of the food and drink items to indicate the actual pricing with the surcharge, until the very end at checkout, after consumers have already consumed their food.

29. Defendant purposely added this surcharge instead of raising the prices on its menu in an effort to mislead consumers into thinking that their meal would cost less than it actually does.

30. The surcharge is added *after* the consumer is finished eating and drinking at Defendant's restaurants, when it is too late for the consumer to make an informed decision about the increased amount on the total bill.

31. This surcharge is not a gratuity for the server or bartender, but is, instead, a charge that goes directly to Defendant's profits.

32. During the "Class Period," as defined below, Plaintiff and those similarly situated were deprived of monies, which they paid for food and drinks at Defendant's restaurants, by the actions described above.

33. If Defendant did not want to mislead the public, and wanted to increase its profits, Defendant could simply raise its menu prices instead of adding a surcharge onto its customers' bills.

34. Had Defendant simply raised its menu prices, consumers would know how much each item actually costs when they ordered the item.

35. Defendant's use of the the surcharge deceives consumers into thinking their meal will cost less when they order it than it actually does.

36. Defendants knew, or in the exercise of reasonable care should have known, that the addition of this surcharge is false, deceptive, and misleading.

37. Defendant could have easily raised its menu prices. Instead, Defendant deliberately chose to add the surcharge to customers' bills at checkout, when they are less likely to notice or object.

38. Through its deceptions, Defendant made an intentional strategic and tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive surcharge that is added to each and every customer's bill in its restaurants.

## First Cause of Action

## for Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq*.

## [California's False Advertising Law]

39. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

40. Plaintiff brings this cause of action both individually and on behalf of the putative Class.

41. Plaintiff and Defendant are "person[s]" as defined by California Business & Professions Code § 17506. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

42. The misrepresentations, acts, and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate Business & Professions Code §§ 17500, *et seq*.

43. At all times relevant, Defendant's advertising and listing of prices for food and drinks on its menus, was false, misleading, and likely to deceive the reasonable consumer and the public by representing that menu items cost a certain amount, when in reality each menu item costs around 3.5 percent more than advertised.

44. Defendant engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly mislead consumers as to the cost of their food and drinks.

45. In making and publicly disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500, *et seq*.

46. Plaintiff and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendant's false advertising, as set forth more fully herein. Plaintiff and members of the putative Class have been injured because they paid about 3.5 percent more money to Defendants than was advertised on its menu, and Defendant took the benefit of that marketing and advertising.

47. At a date presently unknown to Plaintiff, and as set forth above, Defendant began falsely and misleadingly advertising the prices of its food and drinks, as defined by Business & Professions Code §§ 17500, *et seq.*, by adding a surcharge onto consumers' bills instead of raising menu prices.

48. The false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers, as Defendant continues to add the surcharge. This will continue to mislead consumers as to the real price of food and drinks listed on the menus at Defendant's Restaurants.

49. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continue to hold monies rightfully

belonging to Plaintiff and other similarly situated consumers who had a deceptive surcharge added to their bills, as a result of the unlawful acts of Defendant, during the Class Period.

## Second Cause of Action
## for Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
## [California's Unfair Competition Law]

50. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

51. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

52. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in §17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

### A. *"Unlawful" Prong*

53. Defendant has violated California's False Advertising Law, Business & Professions Code §§17500, *et seq.*; and California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1770(a)(9) and (20); and committed negligent and/or intentional misrepresentation; therefore, Defendant has violated California's Unfair Competition Law ("UCL"), Business & Professions Code §§17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

54. Defendant had other reasonably available alternatives to further its business interests, other than the unlawful conduct described herein, such as raising its menu prices.
55. Instead Defendant deliberately adds a surcharge to the consumer's final bill.
56. The surcharge is an additional price that is added after the parties contract, *i.e.*, after consumers order their food.
57. The surcharge does not represent a tip or a price for additional services provided to consumer, and therefore, there is no lawful basis for the charge.
58. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. "Unfair" Prong

59. Defendant's actions and representations constitute an "unfair" business act or practice under Business & Professions Code §§ 17200, *et seq.* in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to the consuming public that its menu prices are about 3.5 percent lower than the consumer will actually be charged. Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Defendant's prices are lower than they actually are once the surcharge is added to the consumer's bill.
60. At a date presently unknown to Plaintiff, and as set forth above, Defendant has falsely and misleadingly advertised the menu prices of its food and drinks,

as defined by Business & Professions Code §§ 17500, *et seq.*, by adding a surcharge onto consumers' bills instead of raising menu prices.

61. Defendant had other reasonably available alternatives, such as raising the prices published on its menus, to further its business interests, other than the unlawful, illegal, unfair, and fraudulent conduct described herein.

62. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to mislead the public by adding surcharges onto consumers' bills.

### C. *"Fraudulent" Prong*

63. Defendant's claims and statements were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200, *et seq*. Whether through conduct, in writing or orally, Defendants engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiff, and other similarly situated consumers, that Defendant's menu prices were about 3.5 percent less than Defendant actually intend to charge.

64. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

65. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents an ongoing threat to consumers because consumers will continue to be misled by the prices on Defendant's menus and Defendant's conduct of adding 3.5 percent to every bill after the consumer has finishing eating and drinking.

///

///

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

66. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that food and drinks in Defendant's restaurants cost about 3.5 percent less than Defendant actually charges.

67. Reasonable consumers, and members of the public are likely to be deceived and misled by Defendant's advertising scheme. The scheme involves setting a price for each menu item and then adding 3.5 percent to the bill at the end of the meal.

68. As a direct and proximate result of the aforementioned acts and representations, Defendant received and continue to hold monies rightfully belonging to Plaintiff, and other similarly situated consumers, who were led to believe their bills would cost about 3.5 percent less.

69. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff, and putative class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as a result of each and every violation of the UCL, which are continuing, Plaintiff is also entitled to restitution and injunctive relief against Defendant, as set forth in the Prayer for Relief.

70. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured as they relied on Defendant's misrepresentations.

71. Defendant, through its acts of unfair competition, has unfairly acquired monies from Plaintiff and members of the putative Class. It is impossible for Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of Defendant's books and records. Plaintiff requests that this Court restore these monies and enjoin Defendants from continuing to

violate California Business & Professions Code §§ 17200, *et seq.*, as discussed herein.

72. Plaintiff and other similarly situated consumers residing within California, will continue to be exposed to, and harmed by, Defendant's unfair business practices unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices described herein.

73. Plaintiff further seeks an order requiring Defendant to make full restitution of all monies wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

74. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Section 1021.5.

## Third Cause of Action
## for Violation of California Consumers Legal Remedies Act
## Cal. Civ. Code Section 1750, *et seq.*

75. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

76. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> "Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

77. Defendant, Plaintiff, and the Class members, are each "person[s]" as defined pursuant to Civil Code Section 1761(c).

78. Defendant's products and menu items constitute "goods" as defined pursuant to Civil Code Section 1761(a).

79. Plaintiff, and the Class members, are each "consumer[s]" as defined pursuant to Civil Code Section 1761(d).

80. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

81. Civil Code Section 1770(a)(9) states that:

> "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (9) Advertising goods or services with intent not to sell them as advertised."

82. Civil Code Section 1770(a)(20) states that:

> "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (20) Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product. This subdivision shall not apply to in-store advertising by businesses that are open only to

members or cooperative organizations organized pursuant to Division 3 (commencing with Section 12000) of Title 1 of the Corporations Code where more than 50 percent of purchases are made at the specific price set forth in the advertisement."

83. Defendant violated Civil Code Section 1770(a)(9) and (20) by marketing and representing, in its in-store menus and online, that its food and drink items are a certain price, when in fact the restaurant adds a surcharge to that price after the meal.

84. Defendant never intended to sell the menu items for the prices listed next to each menu item, in violation of Civil Code Section 1770(a)(9).

85. Defendant advertised that each menu item was being offered for a specific price, plus a specific percentage of that price, without setting forth in the menu, the total of the price in a size larger than the original price. This was done in violation of Civil Code Section 1770(a)(20).

86. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit.

87. On information and belief, Defendant committed these acts knowing the harm that would result to Plaintiff and all consumers, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

88. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's advertisements.

89. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumers Legal Remedies Act.

90. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

91. Plaintiff served a certified letter pursuant to the CLRA, California Civil Code § 1782 on Defendant with respect to its restaurants.

92. As of the date of the filing of this First Amended Complaint, more than the required thirty (30) days have passed, Defendant has not complied with Plaintiff's demands outlined in the letters to Defendant.

### Class Action Allegations

93. Plaintiff and the members of the Class have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

94. The "Class Period" means four years prior to filing of the Complaint in this action.

95. Plaintiff brings this lawsuit individually and on behalf of other California consumers similarly situated under California Code of Civil Procedure §382. Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> All consumers who ate or drank at a restaurant in California, owned, managed, or operated by Noble House Hotels & Resort, LTD d/b/a Noble House Hotels & Resort, LTD LP., who were charged a surcharge on their bill in addition to the costs of the food or drinks.

96. Excluded from the Class are Defendant and any of Defendant's officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

97. *Ascertainability.* The members of the Class are readily ascertainable from Defendant's records, as well as through public notice.

98. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believe, and on that basis alleges, that the proposed class consists of thousands of members.

99. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class , and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions of Defendants. The common legal and factual questions include, but are not limited to, the following:

- Whether Defendant's menus, and the prices listed for food and drinks contained therein, are untrue, or are misleading, or likely to deceive reasonable consumers;
- Whether Defendant's conduct in adding a surcharge to every customer's bill is misleading or unlawful within the meaning of California Business & Professions Code §§ 17200, *et seq*.
- Whether Defendant's conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*;
- Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*;
- Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq*;
- Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq*.
- Whether Defendant violated California Civil Code §§ 1750, *et seq*. by marketing and representing, on its in-store menus and online, that its food

and drink items are a certain price, when in fact the restaurant adds a surcharge to that price after the meal;

- Whether Defendant acted intentionally in representing through its menu pricing that food and drinks would cost about 3.5 percent less than they actually cost;
- Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;
- Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and
- Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

100. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, ate and drank at Defendant's restaurant and was charged an unlawful surcharge on their bill. Plaintiff is advancing the same claims and legal theories individually and on behalf of all absent members of the Class. Defendant has no defenses unique to Plaintiff.

101. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

102. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from

the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be impractical for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to California Code of Civil Procedure §382.

103. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to add hidden and deceptive surcharges to consumers' bills, and members of the public will continue to be misled, while members of the Class will continue to be harmed, and denied their rights under California law.

104. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class, so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to California Code of Civil Procedure §382.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- That this action be certified as a Class Action;
- That Plaintiff be appointed as the Class Representative;
- That Plaintiff's attorneys be appointed as Class Counsel;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- That distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of its wrongful conduct;
- That Plaintiff and each member of the putative Class recover their costs of suit; and the following relief:

**First Cause of Action**

**Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.***

**[California's False Advertising Law]**

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294; and,
- Recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

**Second Cause of Action**

**Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**[California's Unfair Competition Law]**

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294; and,

1  • Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### Third Cause of Action

### Violations of Cal. Civ. Code § 1750, *et seq.*

### [Consumers Legal Remedies Act]

- Actual damages, statutory damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a);
- An award of costs and attorney's fee pursuant to Cal. Civ. Code § 1780(e); and,
- Any and all other relief that this Court deems necessary or appropriate.

### TRIAL BY JURY

105. Plaintiff is entitled to and demands trial pursuant to the Seventh Amendment to the Constitution of the United States of America.

Respectfully submitted,

Dated: March 16, 2018      **HYDE & SWIGART, APC**

By: _s/Yana A. Hart_
Yana A. Hart
*Attorneys for Plaintiff*

**Other Attorneys of Record:**
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq.  (SBN: 25283)
ak@kazlg.com
Clark R. Conforti, Esq. (SBN: 317698)
clark@kazlg.com
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone:  (800) 400-6808
Facsimile:  (800) 520-5523