# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HOLT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORT, LTD; and DOES 1 TO 25,<br><br>Defendants. | Case No.: 17cv2246-MMA (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY; AND**<br><br>[Doc. No. 31]<br><br>**DENYING AS MOOT DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING**<br><br>[Doc. No. 32] |

Plaintiff Kathleen Holt ("Plaintiff"), individually and on behalf of all others similarly situated, filed this putative class action Complaint against Defendant Noble House Hotels & Resort, LTD ("Noble House") alleging causes of action for violations of California's False Advertising Law ("FAL"), California Business and Professions Code sections 17500, *et seq.*; California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*; and California's Consumers Legal Remedy Act ("CLRA"), California Business and Professions Code sections 1750, *et seq.* Doc. No. 35 ("FAC"). Noble House moves to stay the case pending the outcome

1

of two "test cases" raising nearly identical issues. Doc. No. 31-1 ("Mtn."). Plaintiff opposes a stay. Doc. No. 34 ("Oppo."). The Court, in its discretion, decides the matters on the papers submitted and without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **DENIES** Noble House's motion for a stay.

## BACKGROUND

The claims in Plaintiff's First Amended Complaint ("FAC") arise out of a 3.5% surcharge of $1.38, which was added to the balance of her bill on August 6, 2017, at Acqua California Bistro in San Diego, California, which is owned by Noble House. FAC, ¶¶ 24, 26. Plaintiff alleges that Noble House is misleading the public by advertising prices for food and drinks in its menus and then adding the surcharge to the balance of the bill total at checkout "when it is too late to make an informed decision about the increased total bill." FAC, ¶¶ 27-30. Plaintiff alleges Noble House "purposely added this surcharge instead of raising the prices on its menu in order to mislead [and deceive] consumers into thinking that their meal would cost less than it actually does." FAC, ¶¶ 25, 29. Accordingly, Plaintiff asserts causes of action for violations of the FAL, UCL, and CLRA. *See generally*, FAC.

Since early 2017, Plaintiff's counsel has filed fifteen class action complaints, including the instant case, in San Diego Superior Court against restaurants that add surcharges to their patrons' bills.[1] Mtn. at 2. Each of these cases allege that these surcharges are *per se* unlawful and that the individual restaurants failed to adequately disclose the surcharge. *Id.* at 2-3. Noble House removed the instant action to this Court. Doc. No. 1. Thereafter, the fourteen remaining cases were related and reassigned to San Diego Superior Court Judge Taylor. Doc. Nos. 31-4; 31-5; 31-6. On March 19, 2018, Judge Taylor ordered two cases, *Fischer v. El Camino Hospitality* and *Vespi v. Galaxy*

---

[1] The Court **GRANTS** Noble House's request to judicially notice the operative test case complaints and related filings from San Diego Superior Court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that court filings in other tribunals and other matters of public record are appropriate for judicial notice).

*Taco*, be designated as test cases, and that the remaining cases be stayed pending resolution of the test cases. Doc. No. 31-8.

## **LEGAL STANDARD**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1093, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, No. 13-CV-2014-H (KSC), 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). However, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

In determining whether to grant a stay pursuant to *Landis*, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation marks and alteration omitted). The burden is on the

3

17cv2246-MMA (BLM)

movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

Noble House moves to stay this action pending resolution of the two test cases in San Diego Superior Court, arguing that resolution of the test cases "will provide guidance" to this Court. Mtn. at 6-7. Plaintiff opposes, arguing that resolution of the two test cases will not be binding on this Court and will only postpone the Court's decision in this case. Oppo. at 4.

Noble House argues a stay promotes the judicial economy because it "will provide guidance regarding whether restaurant surcharges are *per se* unlawful" and whether Noble House "adequately disclosed" its surcharges. *See* Mtn. at 6-7. The Court is unpersuaded that a stay pending resolution of the two test cases promotes judicial economy in this case. Noble House concedes that the test cases are not binding on this Court, but asserts that "this Court will be aided by the resolution of the Test Cases in that it will have a relevant ruling on these state law issues from a California court, which this Court can then give "proper regard" to in making its own ruling." *Id.* at 7. However, as Plaintiff points out, resolution of the test cases will not be binding on this Court and will not dispose of Plaintiff's claims. Oppo. at 5. In addition, the Court is unable to predict whether the test cases "will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *See Leyva*, 593 F.2d at 864. Noble House contends the test cases will be conducted within a reasonable time because a class certification hearing in San Diego Superior Court is set for August 10, 2018, and trial is set for the first quarter of 2019, Mtn. at 9, but Plaintiff asserts that fact discovery is stayed and hearings in the test cases will likely be delayed, Oppo. at 7-8. Finally, Plaintiff argues her claims will remain even if the test cases are resolved in favor of the defendants in those actions because the ruling will not be binding and this Court will still need to determine whether the class is certifiable, whether the notice of the surcharge was misleading and deceptive, and whether the charge is *per se* unlawful. Oppo. at 5.

4

17cv2246-MMA (BLM)

Accordingly, the Court finds that Noble House has not shown that a stay would promote judicial economy; thus, this factor does not weigh in Noble House's favor.

In arguing that Noble House will suffer hardship if the Court denies the instant motion, Noble House relies exclusively on the cost and burden of defending this lawsuit. Mtn. at 8. However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *See Lockyer*, 398 F.3d at 1112. Moreover, even if the decision in the test cases favors Noble House, discovery would still be necessary in the instant action as the test cases are not binding and will not dispose of this action. *See* Mtn. at 8 (stating that staying this proceeding will provide guidance to the Court on how to proceed). Thus, Noble House has not made out "a clear case of hardship or inequity," and this factor does not favor Defendant. *Landis*, 299 U.S. at 255.

Lastly, Noble House asserts that Plaintiff will not be prejudiced because "Plaintiff's counsel represents all of the . . . plaintiffs [in the state court proceedings]." Mtn. at 8. Accordingly, Noble House contends that "Plaintiff's interests will be well-represented by her own lawyers in the Test Cases." *Id.* at 9. Plaintiff counters that she would be prejudiced because she would not be permitted to conduct discovery, which could result in witness memories fading, documents becoming misplaced, or employees of Noble House leaving their job. Oppo. at 6-7. In summation, Plaintiff claims she faces the risk of losing access to pertinent records and other related evidence while "there is no articulable prejudice" to Noble House moving forward. *Id.*

Here, the Court finds that a stay would result in the potential of prejudicing Plaintiff with regard to delayed discovery. First, for the reasons discussed above, a stay may result in uncertainty for an indefinite period of time as the test cases' schedule is likely to be delayed. Second, as Plaintiff notes, if the Court grants a stay in this case, she may struggle to obtain receipts or credit-card related information from third-party vendors with potentially short retention periods. *See Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939-AJB-BLM, 2017 WL 4680168, at *6 (S.D. Cal. Oct. 18, 2017)

5

("the grant of a stay may cause Plaintiff to lose evidence currently in the dominion and control of others not joined in this suit"); *see also Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) (denying the defendant's motion to stay, noting that "an extended stay would prejudice the Plaintiff because the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate"). Accordingly, because the Court finds that a stay may result in prejudice to Plaintiff, this factor does not favor Noble House.

In weighing the relevant factors, the Court finds that a stay in this case is inappropriate. Noble House has not shown this is one of those "rare" circumstances where a party in one case must "stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Noble House's motion to stay pending resolution of the two test cases in state court. In light of the timing of Plaintiff's opposition and this Order, the Court **DENIES AS MOOT** Noble House's *ex parte* application for an order shortening time [Doc. No. 32].

**IT IS SO ORDERED**.

Dated: April 30, 2018

Hon. Michael M. Anello
United States District Judge