# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN HOLT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NOBLE HOUSE HOTELS & RESORT, LTD,<br><br>Defendant. | Case No.: 17cv2246-MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO FILE DOCUMENT UNDER SEAL IN SUPPORT OF REPLY TO MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(B)(2) AND 23(B)(3)**<br><br>[Doc. No. 57] |

On October 2, 2018, Plaintiff Kathleen Holt ("Plaintiff") filed an *ex parte* application to file a one-page document containing personal and financial information under seal in support of Plaintiff's reply to the currently pending motion for class certification. Doc. No. 57 at 2. Plaintiff has filed a redacted public version of the document and has also lodged the proposed sealed document. Doc. Nos. 57-2, 58. Defendant Noble House Hotels & Resort, Ltd ("Noble House") does not oppose. *See* Docket. For the reasons herein, the Court **GRANTS** Plaintiff's *ex parte* application.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

1

*Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion, the focus is on the underlying motion and whether it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. If the motion is more than tangentially related to the merits, the movant must show compelling reasons for overcoming the presumption in favor of public access. *See id.* at 1096-99. The compelling reason standard applies to a motion for class certification. *Baker v. Seaworld Entm't, Inc.*, No. 14cv2129-MMA (AGS), 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017). The party must present "articulable facts" identifying the interests favoring continued secrecy, and show that these specific interests overcome "the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181.

Here, Plaintiff asserts that the document should be filed under seal because it lists personal and financial information—including Plaintiff's bank account number, the date the account was opened, the name on the account, Plaintiff's social security number, personal address, telephone, and date of birth. Doc. No. 57 at 3; *see* Doc. No. 58. The public version filed by Plaintiff properly redacts only the personal and financial information. *See* Doc. No. 57-2. Federal Rule of Civil Procedure 5.2 provides that this type of information should be partially redacted. *See* Fed. R. Civ. P. 5.2(a) (stating that only the last four digits of a social-security number, the year of an individual's birth, and

the last four digits of a financial account number may be included). However, Plaintiff seeks to redact the personal and financial information completely. *See* Doc. No. 57-2. The Court finds that even portions of this information could "become a vehicle for improper purposes" and justifies sealing the document. *Kamakana*, 447 F.3d at 1179. As such, the Court finds that Plaintiff has carried her burden of overcoming the strong presumption in favor of public access by articulating compelling reasons supported by specific factual findings, for sealing the document.

Based on the foregoing, the Court **GRANTS** Plaintiff's *ex parte* motion. Doc. No. 57. The Clerk of Court is instructed to seal docket entry 58.

**IT IS SO ORDERED**.

Dated: October 3, 2018

Hon. Michael M. Anello
United States District Judge